UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAHMANNI ANDUZE,

                                    Plaintiff,

                -against-                                    21-CV-0519 (LLS)

THE CITY OF NEW YORK, *et al.*,                              ORDER TO AMEND

                                    Defendants.

LOUIS L. STANTON, United States District Judge:

        Plaintiff, currently detained in the George R. Vierno Center on Rikers Island, brings this

*pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional

rights. By order dated February 17, 2021, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

        [1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff's complaint, which is type-written and appears to have been photocopied, is difficult to read, and pages 21 to 47 of the complaint are virtually illegible. From what the Court is able to discern, Plaintiff alleges that Defendants retaliated against him because he was housed in the same unit as another inmate, Alexander Williams, who has filed civil rights actions against correction officers. Plaintiff alleges that, in retaliation for Williams' lawsuits, Defendants denied

Plaintiff access to daily showers and a razor for shaving, restricted his ability to purchase items at the commissary, interfered with his mail, and restricted his ability to make phone calls to his family and lawyer. The complaint includes many additional pages of factual allegations that the Court is unable to read due to the quality of the photocopied complaint.

Plaintiff appears to seek injunctive relief, but the specific relief he seeks is illegible. (*See id.* at 43.) It is unclear what, if any, other relief he seeks.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Because the function of the pleadings is to ensure that defendants receive fair notice of the claims against them and the grounds on which they rest, the allegations must be plainly stated. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). An inadequately pleaded complaint that is "so poorly composed as to be functionally illegible" is subject to dismissal under Rule 8. *Schuster v. Oppleman*, No. 96 Civ. 1689 (JGK), 1999 WL 9845, at *3 (S.D.N.Y. Jan. 11, 1999); *see Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (policy requiring courts to liberally construe *pro se* complaints "does not mandate that a court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable").

The Court has closely scrutinized the complaint, but because much of the pleading is illegible, the Court is unable to properly evaluate the full nature and extent of Plaintiff's claims at this time. Nor does the complaint put Defendants on notice of the allegations against them. Because the defects in Plaintiff's complaint may be cured with an amended complaint, the Court grants Plaintiff an opportunity to submit a legible amended complaint. The amended complaint should be either typewritten or printed by hand in a neat and legible manner. Plaintiff should

make sure that each page of the amended complaint is legible. If Plaintiff fails to submit a legible amended complaint within sixty days, the Court will dismiss the complaint without prejudice.

## LEAVE TO AMEND

Plaintiff is granted leave to file an amended complaint to legibly detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. **Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.**

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-0519 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed without prejudice.

SO ORDERED.

Dated:    February 26, 2021
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes    ☐ No
(check one)

___ Civ. _____ (     )

**I.     Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
                   ID#_____
                   Current Institution_____
                   Address_____
                   _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1    Name _____ Shield #_____
                        Where Currently Employed _____
                        Address _____
                        _____

*Rev. 01/2010*                                    1

Defendant  No. 2          Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3          Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<div style="border:1px solid black; padding:4px; display:inline-block;"><b>Who did what?</b></div>

Defendant  No. 4          Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5          Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.      Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.      Where in the institution did the events giving rise to your claim(s) occur?

_____

C.      What date  and  approximate  time  did  the  events  giving  rise  to  your  claim(s)  occur?

_____

_____

_____

D.      Facts:_____

<div style="border:1px solid black; padding:4px; display:inline-block;"><b>What happened to you?</b></div>

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |
| --- |

_____
_____
_____
_____

| Who else saw what happened? |
| --- |

**III.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

**IV.    Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____   No _____   Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____   No _____   Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____   No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____   No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
           _____

        2.      What was the result, if any?
           _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
           _____
           _____
           _____

_____
_____
_____

     2.     If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:     You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____

**VI.     Previous lawsuits:**

<div style="border:1px solid">On these claims</div>

A.     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.     If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.     Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.     Docket or Index number _____

_____ 4.     Name of Judge assigned to your case_____

5.     Approximate date of filing lawsuit _____

6.     Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.     What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="border:1px solid">On other claims</div>

C.     Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____     No _____

D.     If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.     Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.     Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.     Docket or Index number _____

_____ 4.     Name of Judge assigned to your case_____

5.     Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ day of _____, 20___.

        Signature of Plaintiff    _____

        Inmate Number            _____

        Institution Address       _____

                              _____

                              _____

                              _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

        Signature of Plaintiff:   _____

*Rev. 01/2010*                    7