UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHMANNI ANDUZE,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                Defendants.

**ORDER OF SERVICE**

21 Civ. 519 (PGG)

PAUL G. GARDEPHE, United States District Judge:

        Plaintiff, currently detained in the George R. Vierno Center (GRVC) on Rikers Island, brings this pro se action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. On February 17, 2021, Plaintiff was granted leave to proceed in forma pauperis.[1] (See Dkt. No. 4)

**DISCUSSION**

**A.    Service on Defendant Blackmore**

        Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and second amended complaint until the Court reviewed the second amended

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. See 28 U.S.C. § 1915(b)(1).

complaint and ordered that a summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.  If the second amended complaint is not served within that time, Plaintiff should request an extension of time for service.  See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").  If service has not been made within 90 days from the date the summons is issued, and if Plaintiff has not requested an extension of time to serve within that 90 days, **this action may be dismissed** pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure.

To allow Plaintiff to effect service on Defendant Larry Blackmore, PA, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service on this defendant.

Plaintiff must promptly notify the Court in writing if his address changes.  Failure to do so **may result in dismissal of this action**.  Plaintiff is advised that the Pro Se Office at the United States Courthouse, 500 Pearl Street, Room 230, New York, New York 10007, telephone: (212) 805-0175, may be of assistance in connection with court procedures.

**B.     Waiver of Service**

The Clerk of Court is directed to notify the New York City Department of Correction (DOC) and the New York City Law Department of this order.  The Court requests that the following Defendants waive service of summons:

- The City of New York;

- DOC Commissioner Cynthia Brann; DOC Chief Hazel Jennings; DOC General Counsel Heidi Grossman; DOC Division Chief Becky Scott;

- GRVC Wardens Sherma Dunbar and Jean Rene; Deputy Wardens Joanne Matos, and Tiffany Morales; Assistant Deputy Wardens Carter, Henry, and Blair;

- Security Chief Kenneth Stukes; Deputy Warden of Security Jonnel Shivraj; Security Captains Mathis (Shield #82) and Ballah (Shield #1219);

- Captains Vallejo (Shield #924), Blake (Shield #89), Carter (Shield #1092), Moodie (Shield #593), L'Oiseau (Shield #1898), Molinea (Shield #1165), and Law;

- Correction Officers K. Young (Shield #12265), Taylor (Shield #8694), Ritter (Shield #7994), Hickson (Shield #5395), McNeil (Shield #12557), Dychese (Shield #14003), Edmunds (Shield #10909), Lawrence (Shield #10351), Drumwright (Shield #8667), Ramirez (Shield #15685), W. Rodriguez (Shield #9665), Nezma (Shield #6774), White (Shield #8507), Montenegro (Shield #13298), and Keys; and

- Doctor Gemo.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the address for Larry Blackmore, PA, and deliver to the U.S. Marshals Service all documents necessary to effect service on this defendant.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the defendants listed above waive service of summons.

SO ORDERED.

Dated:　April 6, 2021
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　PAUL G. GARDEPHE
　　　　　　　　　　　　　　　　　　　　　United States District Judge

Case 1:21-cv-00519-PGG-KHP   Document 11   Filed 04/06/21   Page 4 of 5

**DEFENDANT AND SERVICE ADDRESS**

Larry Blackmore, PA
c/o Gwendolyn Renee Tarver
PAGNY-Correctional Health Services
49-04 19th Avenue
1st Floor
Astoria, New York 11105