

| | | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Acting Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>L**AW** D**EPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Andrey Udalov<br>E-mail: audalov@law.nyc.gov<br>Phone: (212) 356-2344 |

July 29, 2021

**APPLICATION DENIED**

KATHARINE H. PARKER
United States Magistrate Judge
08/02/2021

<u>VIA ECF</u>
Honorable Paul G. Gardephe
U.S. District Court Judge
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

          Re:    *Jahmanni Anduze v. City of New York, et al.,*
                21-CV-00519

Your Honor,

      I am the Assistant Corporation Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, assigned to represent defendant City of New York ("City") in the above-referenced manner. For the reasons set forth below, the City respectfully requests: (i) an adjournment of the initial conference currently scheduled for August 3, 2021; and (ii) leave to file a motion to dismiss pursuant to Fed. Rules of Civ. P. 8(a)(2) and 12(b)(6).

      This is the City's first request for an adjournment of the initial conference. Inasmuch as plaintiff is currently incarcerated, I was unable to timely procure his consent before making this application.

**Procedural Background**

      Plaintiff filed his complaint on January 20, 2021, (ECF No. 2), an amended complaint on March 2, 2021 (ECF No. 7), and a second amended complaint ("SAC") on March 16, 2021 (ECF No. 9). On April 6, 2021, the Court ordered defendants to provide waivers of service by May 6, 2021. (ECF No. 11) On May 5, 2021, the City requested: (i) the Court stay any deadlines in this case pending the Court's review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. §1915A (ECF No. 16); and, (ii) pursuant to Southern District of New York Local Rule 1.6, the Court direct the Clerk of Court to mark this matter as related to *Alexander Williams Jr. v. City of New York, et al.*, 21-CV-01083 (JPC) (KHP) ("*Williams*") and *Gabriel Flores v. City of New York, et al.*, 21-CV-1680 (RA) (KHP) (*"Flores"*). (ECF No. 16) Additionally, the City informed the Court that advised its client. New York City Department of Correction ("DOC") to not waive service on behalf of its *41* defendant employees until the

completion of the judicial review of plaintiff's complaint.  (ECF No. 16)  The Court marked the instant case as related to *Williams* [1] and *Flores*.  As of this writing, the, the Court has not ruled on the City's request to review the complaint and a case management conference was scheduled for August 3, 2021.  (ECF No. 17)

**Request for Adjournment of August 3, 2021 Case Management Conference.**

It is respectfully requested that the case management conference scheduled for August 3, 2021 be adjourned until such time as the Court rules on the City's request for judicial review of the SAC.  The Court's ruling on that request will either result in the SAC being revised so that it will narrow and more specifically articulate the causes of action or, if the City's request is denied, the parties will know the framework in which the case management conference should proceed.

**Request to Submit a Pre-Motion Conference Letter**

Alternatively, should the Court deny the City's request for judicial review of the SAC, the City respectfully requests that the Court: i) set a briefing schedule for the City's anticipated motion to dismiss pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6), to be filed on or before September 3, 2021; and (ii) adjourn the initial conference until after such motion is decided.   The City bases its anticipated motion for the grounds set forth below:

**Improper Pleading:**  Fed. R. Civ. P. 8(a)(2) requires that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  The prolix SAC spans a total of 83 pages, with 152 paragraphs, naming 42 defendants and contains, *inter alia*, plaintiff's personal opinions; recitation of alleged arguments plaintiff had with Correction Officers; plaintiff's personal conversation, alleged conversations between other inmates and corrections officers.  Plaintiff's SAC is not a "short and plain statement" but rather a daily journal that fails to satisfy the pleading requirements of Rule 8 and should be dismissed.  *See Celli v. Cole*, 699 Fed. App'x. 88, 89 (2d Cir. 2017) ("When a complaint fails to comply with [the Rule 8] requirements, the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial . . . .") (citation omitted).

**Failure to Exhaust Administrative Remedies:** As pretrial detainee, plaintiff must exhaust available administrative remedies prior to filing a claim pursuant to 42 U.S.C. § 1997e (a).  Plaintiff did not do so.  *See Baez v. Bureau of Prisons*, 02-CV-9216 (PKC) (DF), 2004 U.S. Dist. LEXIS 8183 at *19 (S.D.N.Y. May 11, 2004) (dismissing plaintiff's claim for failing to exhaust administrative remedies).  Plaintiff alleges that he filed a grievance relating to his mail (Exhibit E, p. 81-82) and relating to a "CO K. Young" (SAC ¶ 72; ¶ 75)  But plaintiff does not state whether he agreed with the resolution of this matter nor if he chose to appeal the resolution.  Plaintiff also states that he had not, at the time he filed the SAC, received a response to his grievance regarding CO K. Young.  As such, plaintiff did not complete the grievance process with respect to these claims.  *See Boston v. Takos*, 98-CV-6404 (CJS), 2002 U.S. Dist.

---

[1] *Williams* was stayed by the Court pending judicial review pursuant to 28 U.S.C. §1915.  (ECF No. 49)

LEXIS 22630 at *9 (W.D.N.Y. Oct. 4, 2002) (noting that to exhaust administrative remedies as to the alleged acts by defendants, a plaintiff must file a grievance and appeal a denial of his grievance as to each defendant.)  Nor does plaintiff allege that he filed grievances against the other named defendants as to the alleged acts.  These are preconditions to suit, and therefore, his complaint should be dismissed.  *See Rivera v. Royce*, 19-CV-10425 (PMH), 2021 U.S. Dist. LEXIS 110016 at *13 (S.D.N.Y. June 11, 2021) (a complaint may be dismissed when it is clear from its face that a plaintiff failed to exhaust administrative remedies.) (citation omitted)

**Conditions of Confinement**.  In addition to the reasons in defendant's prior motion (ECF No. 16), plaintiff's allegations about conditions do not rise to the level of the "extreme deprivations" sufficient to sustain such a claim.  *Brooks v. Ponte*, 14-CV-6283 (RRM) (CLP), 2016 U.S. Dist. LEXIS 115534 at *9 (E.D.N.Y. Aug. 15, 2016) (only "extreme deprivations" are sufficient to sustain a conditions of confinement claim) (citation omitted). Instead plaintiffs allegations are complaints regarding the number of showers he's allowed to take, the number of phone calls he can make per day, waking up at 6 am to request recreational time, the process for obtaining a razor, food being served by a server without a "food certificate, mail being screened, no television in his cell, and lack of access to certain weight equipment. None of these complaints are sufficient to support a conditions claim.

**First Amendment:**  Plaintiff's claim under the First Amendment for denial of access to court fails because, *inter alia*, he has not alleged any actual injury.  *See Alicea v. Maly*, 12-CV-00203, 2013 U.S. Dist. LEXIS 121022 at *37 (N.D.N.Y. May 13, 2013) (a denial of access to court's claim, requires plaintiff to allege an actual injury).

**Retaliation and Eighth Amendment:**  Plaintiff's claim for retaliation under the Eighth Amendment is not a cognizable claim, rather the claim is properly brought under the First Amendment.  *See Manning v. Goord*, 05-CV-850F, 2010 U.S. Dist. LEXIS 20597 at *39 (W.D.N.Y. Mar. 8, 2010) ("Plaintiff's retaliation claim is analyzed under the First Amendment.")  Plaintiff's retaliation claim also fails because he does not allege the constitutional conduct he engaged in that resulted in adverse action against him being taken.  *See Gillard v. Burge*, 2007 U.S. Dist. LEXIS 102762 at *21 (N.D.N.Y. Feb. 20, 2007) (for a retaliation claim, plaintiff must show "he engaged in constitutionally protected conduct" and "the conduct was a substantial or motivating factor for the adverse actions taken by prison officials.") (citation omitted).

Plaintiff alleges that he is a pretrial detainee and therefore his Eighth Amendment claim is properly analyzed under the Fourteenth Amendment.  Plaintiff fails to state a claim because, *inter alia*, he makes only conclusory allegations, failing to allege facts supporting a plausible inference that the conditions complained of were imposed for the punitive purposes. *See Bell v. Wolfish*, 441 U.S. 520, 537 (1979) (a pretrial may be subject to restrictions and conditions of a detention facility "so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution.")

**Excessive Force (Third Cause of Action)**.  Plaintiff's excessive force claim should be dismissed because: (i) plaintiff fails to allege sufficient facts involving personal involvement of all defendants; and (ii) plaintiff's allegations against "CO Lawrence" lack particular details as to the events surrounding the alleged use of force and the actions taken by

3

the officer that led to the alleged injury. *See Pine v. Seally*, 09-CV-1198 (DNH) (ATB), 2011 U.S. Dist. LEXIS 23482 at *19 (N.D.N.Y. Feb. 4, 2011) (dismissing an excessive force claim where plaintiffs failed to allege specific details about the alleged assault that was suffered).

**Fourteenth Amendment:** Plaintiff's allegations that the DOC did not adhere to its "Minimum Standards" policies do not establish a violation of his constitutional rights. *See Johnakin v. NYC Dept. of Corr.*, 11-CV-4807 (SLT), 2013 U.S. Dist. LEXIS 144059 at *31 (S.D.N.Y. Sep. 30, 2013) ("violations of city or state regulations do not equate to violations of federal law or federal constitutional rights.") (citing cases); *see also Butler v. Westchester County*, 94-CV-8216 (SHS), 2000 U.S. Dist. LEXIS 3981 at *12 (S.D.N.Y. Mar. 28, 2000) ("the mere adoption of procedural guidelines governing day-to-day prison administration, without more, will not give rise to a state-generated liberty interest") (citation omitted).

**Medical Treatment:** To state claim for deliberate indifference, plaintiff must allege facts showing: (1) a deprivation that was sufficiently serious and; (2) that a specific prison official had a sufficiently culpable state of mind to be deliberately indifferent to inmate health or safety. *Rosado v. Herard*, 12-CV-8943 (PGG), 2014 U.S. Dist. LEXIS 40172 at *23 (S.D.N.Y. Mar. 25, 2014). The SAC complains of the type of medical care that plaintiff received; the manner in which it was provided; and the procedure required for him to obtain it but does not allege facts showing that plaintiff was denied timely medical care that was needed, if or when he requested it through the procedure that was allegedly required, and that he was medically harmed as a result. Therefore, the claim should be dismissed. Additionally, plaintiff's purported claim for violation of his right to privacy in his medical information should be dismissed as plaintiff has not pled facts showing that the disclosure violated his constitutional rights. *See Narvaez v. City of New York*, 16-CV-1980 (GBD), 2017 U.S. Dist. LEXIS 59764 at *37 (S.D.N.Y. Apr. 17, 2017) (the Constitution does not provide prisoners with an unqualified right to complete confidentiality of medical information.) (citation omitted).

**Municipal Liability:** Plaintiff fails to allege any municipal policy or custom that led to any alleged deprivation of his constitutional rights; instead is claim is based on a Command Level Order ("CLO") 370.20 that allegedly violated DOC "Minimum Standards." (SAC ¶ 130) Thus, the alleged deprivation arose not from any municipal policy or custom, but rather from violation of the alleged DOC "Minimum Standards" and therefore this claim should be dismissed. *See Johnakin*, 2013 U.S. Dist. LEXIS 144059 at **22-23 (dismissing plaintiff's claims against City where plaintiff failed to allege any city policy or custom that led to the cause of action and where most of plaintiff's claims were based on violations of Minimum Standards set forth in the Rules of the City of New York.) Nor does plaintiff allege facts indicating that the CLO at issue was made by individuals capable of setting municipal policy and therefore this claim should be dismissed. *See Moore v. City of New York*, 15-CV-6600 (GBD), 2018 U.S. Dist. LEXIS 121769 at *71 (S.D.N.Y. July 20, 2018) (dismissing municipal liability claim where plaintiff failed to allege facts indicating that warden and assistant deputy warden were final policymakers for purposes of *Monell* liability) (citations omitted).

**Negligent Hiring and Retention:** This claim fails because plaintiff alleges facts showing that defendants acted within the scope of their employment during the alleged conduct. (SAC ¶ 141) *See House v. City of New York*, 18-CV-6693 (PAE), 2020 U.S. Dist. LEXIS 220508 at **60-61 (S.D.N.Y. Nov. 24, 2020) ("Under New York law, to succeed on a claim for

4

negligent hiring, retention, or supervision, a plaintiff must show that the employee committed an independent act of negligence *outside the scope of employment*, where the [employer] was aware of, or reasonably should have foreseen, the employee's propensity to commit such an act.'") (emphasis added) (citation omitted).

**Negligent Training and Supervision:** This claim fails for the same reason as negligent hiring and retention: the acts complained of are alleged to have occurred in the scope of employment. *See Stevens v. Webb*, 12-CV-2909 (KAM), 2014 U.S. Dist. LEXIS 37874 at *36 (E.D.N.Y. Mar. 21, 2014) ("claims for negligent training and supervision are not stated where an employee is acting within the scope of his or her employment.") (citation omitted)  This claim also fails because it's rooted in conclusory allegations and fails to allege any facts about any relevant City training program and fails to allege a specific deficiency in that program, and therefore this claim should be dismissed. *See Swanson v. City of New York*, 16-CV-3231 (MKB), 2017 U.S. Dist. LEXIS 114071 at **36-37 (E.D.N.Y. July 21, 2017) (dismissing plaintiff's negligent training claim where plaintiff failed to allege facts relating to a specific City training program and relied on conclusory allegations). Similarly, plaintiff's claim for negligent supervision and discipline is based solely on conclusory allegations. *See Id.* at *39 (dismissing plaintiff's claim where plaintiff failed to allege facts to support the claim that "the individual Defendants were not appropriately supervised or that the institutional Defendants failed to supervise their employees"); *Clark v. Gardner*, 256 F. Supp. 3d 154, 167 (N.D.N.Y 2017) (dismissing plaintiff's claim for failure to discipline were, among other things, "wholly conclusory in nature").

**New York State Constitutional Claim:** This claim should be dismissed because plaintiff has alternative remedies available by virtue of bringing claims under 42 U.S.C. §1983. *See Wahad v. FBI*, 994 F. Supp. 237, 240 (S.D.N.Y. 1998) (a state constitutional action is obviated when alternative damages remedies exist pursuant to 42 U.S.C. § 1983); *see also Talarico v. Port Auth. of N.Y. & N.J.*, 367 F. Supp. 3d 161, 172 (S.D.N.Y. 2019) ("where a complaint alleges no theories of liability that are cognizable exclusively under the New York State Constitution, any claims brought under the state constitution are ordinarily dismissed.")

## Conclusion

For these reasons, it is respectfully requested that the Court adjourn the case management conference scheduled for August 3, 2021, and stay the proceedings until the Court has completed a review of the SAC pursuant to 28 U.S.C §1915(e)(2)(B) and 28 U.S.C. §1915A. Alternatively, should the Court decline to review the complaint, it is requested that the Court allow the City until September 3, 2021 to file a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) and Fed. R. Civ. P. 8(a)(2).

Respectfully submitted,

*Andrey Udalov* /s/

Andrey Udalov
Assistant Corporation Counsel

5