USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/29/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHMANNI ANDUZE,                                :

                Plaintiff,         :

        v.                                           :

CITY OF NEW YORK, et al.,                    :

               Defendants.    :
-----------------------------------------------------------X

**21-CV-519 (PGG) (KHP)**

**ORDER**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      On May 6, 2022, this Court ordered the City of New York to: (1) file waivers of service for Defendants who have not been served or otherwise advise the Court of its position by May 20, 2022; (2) upon the completion of service and appearance of counsel for the individual Defendants, advise the Court by letter whether those Defendants seek to join the pending motion to dismiss; and (3) file any motion joining Defendants within 30 days of the order. (ECF No. 37.). The Court granted Defendants' request for an extension of time to comply with the May 6, 2022 order, with the waivers of service due on June 10, 2022, and any motion joining Defendants due on June 24, 2022, and placed Defendants on notice that no further extension of time will be granted. (ECF No. 39.) Despite the notice, the Court granted Defendants' second request for "an additional one-week extension of time until June 17, 2022, to comply with the Courts May 6, 2022 Order." (ECF No. 43.)

      On June 17, 2022, the following Defendants filed waivers of service: Comm Brann, Dep. Comm Heidi Grossman, Becky Scott, Hazel Jennings, CO Taylor, CO Dyches, CO Montengro (ECF No. 44), Jean Rene, Joane Matos, Tiffany Morales, ADW Carter, ADW Henry, Chief Stukes, DW

1

Shivraj (ECF No. 45), Captains Mathis, Ballah, Vallejo, Blake, Carter, Moodie, L'Oiseau (ECF No. 46), Capt. Molina, Capt. Law, Correctional Officers ("CO") Young, Ritter, Hickson, McNeal, Lawrence (ECF No. 47), Drumwright, Ramirez, Rodriguez, Nzeama, White, and Keys (ECF No. 48). Waivers of service returned unexecuted for the following Defendants: Timothy Edmund, Jennifer Montenegro and Sherma Dunbar because each is "[n]o longer an employee of the agency" (ECF No. 42), Tyliek Dyches because "[t]he employee number does not match the name" (ECF No. 42), and ADW Blair because the New York City Department of Correction ("DOC") "[c]annot identify/Need more info. for identification" (ECF No. 49).

On June 24, 2022, the Law Department for the City filed a notice of appearance on behalf of the following Defendants: "the City of New York, Blackmore, Capt. Blake, Cynthia Brann, Carter, Dallah, Drumwright, C.O. Dychese, Hedt Grossman, Henry, Hickson, Hazel Jennings, Keys, Capt. Law, C.O. Lawrence, Loiseau, Bernard Mathis, Joane Matos, McNiel, Montinegro, Moodie, Tiffany Morales, Nezma, Ramirez, Jean Rene, Ritter, W. Rodriguez, Becky Scott, Jonelle Shivarj, Kenneth Stukes, Vallejo, White, and K. Young." (ECF No. 50). It filed a letter on the same day, asserting that waivers were filed "as to nearly all of the 38 remaining defendants" who "all intend to join the pending motion to dismiss," namely, "Ballah, Blake, Brann, Carter, Carter, Drumwright, Dychese, Grossman, Hickson, Henry, Jennings, Keys, Law, Lawrence, Loiseau, Mathis, Matos, McNiel, Molina, Montenegro, Moodie, Morales, Nezma, Ramirez, Rene, Ritter, Rodriguez, Scott, Shivraj, Stukes, Vallejo, White, and Young." (ECF No. 51). In its letter, the Law Department represented to the Court that Edmunds and Dunbar are no longer employed by DOC, Blair has not yet provided consent to waive service, and "[t]his Office has not yet been able to assume representation of defendant Taylor, as DOC has been

2

unable to contact her.  Therefore, at present, this Office cannot advise whether defendant Taylor will be joining in the pending motion."

The Law Department failed to identify by their full names or rank all clients it claims to represent, identifying most of them only by what are presumably their last names, and using various name spellings to refer to those persons.  The following table illustrates the ambiguity created by the Law Department's filings.

| Defendant Name Waiver Executed | Defendant Name Waiver Unexecuted | Defendant Name Notice of Appearance | Defendant Name 6/24/2022 Letter |
|---|---|---|---|
| Dep. Comm. Heidi Grossman | | Hedt Grossman | Grossman |
| CO Dyches | Tyliek Dyches | CO Dychese | Dychese |
| CO Montengro | Jennifer Montenegro | Montinegro | Montenegro |
| Capt. Ballah | | Dallah | Ballah |
| CO Nzeama | | Nezma | Nezma |
| | Timothy Edmund | | Edmunds |

As the above table demonstrates, the identities of individual Defendants are not clear. For example, it is not clear whether Jennifer Montenegro, on whose behalf a waiver was returned unexecuted on June 10, 2022, because she is "[n]o longer an employee of the agency" (ECF No. 42) is the same person as Defendant "CO Montengro" who waived service on June 17, 2022 (ECF No. 44), or Defendant "Montinegro" on whose behalf the Law Department appeared on June 24, 2022 (ECF No. 50), or Defendant "Montenegro" who it claims intends to join the pending motion to dismiss (ECF No. 51).  The same ambiguity exists with respect to Tyliek Dyches whose waiver of service returned unexecuted because he is "[n]o longer an employee of the agency" (ECF No. 42), CO Dyches who waived service on June 17, 2022 (ECF No. 44), CO Dychese on whose behalf the Law Department appeared (ECF No. 50) and Dychese who the

3

Law Department claims intends to join the pending motion to dismiss. Although Defendant Capt. Ballah waived service on June 17, 2022 (ECF No. 46), the Law Department did not identify that person in its notice of appearance (ECF No. 50), and it is not clear whether the person the Law Department identified as "Dallah" in its notice of appearance is the same person as Ballah who it claims intends to join the motion to dismiss, or whether "Ballah" is the same person as Defendant Capt. Ballah who waived service.

Concerning Defendant CO Taylor, who waived service on June 17, 2022 (ECF No. 44), the Law Department asserts that it was unable to contact her in connection with assuming representation, without providing any details about efforts to contact her or the reasons for the failure, or asking for an extension of time to do so. The Law Department relegated the names of Defendants it claims intend to join the motion to dismiss to a footnote "[f]or the Court's convenience." (ECF No. 51). Identifying Defendants fully and correctly is not a matter of the Court's convenience; rather, the Law Department is required to identify fully and correctly the persons it represents in its notice of appearance.

For the foregoing reasons, the following is ORDERED:

1. On July 8, 2022, the Law Department shall file a notice of appearance identifying each individual Defendant it represents fully and correctly, including individual Defendants' full names, ranks and any other identifiable information, such as a shield number;

2. On July 8, 2022, any motion to join the pending motion to dismiss (ECF No. 31) shall be served and filed by those individual Defendants who wish to do so, and an

answer served and filed by those who do not wish to join the pending motion to dismiss;

3. Any notice of motion to join the pending motion to dismiss and its accompanying memorandum of law must identify clearly, fully and correctly each Defendant who seeks to dismiss any specific claim against them and to assert any affirmative defenses, including qualified immunity; no arguments grouping Defendants without their identification will be considered by the Court;

4. On July 8, 2022, the Law Department shall file a notice of appearance on behalf of CO Taylor or a letter informing the Court that it does not represent CO Taylor;

5. The Law Department shall serve a copy of this order expeditiously on CO Taylor and file a proof of service by July 1, 2022;

6. If not represented by the Law Department, CO Taylor shall file an answer or otherwise respond to the Second Amended Complaint no later than July 15, 2022; failure to do so will result in the Court's entry of default against CO Taylor;

7. On July 8, 2022, the Law Department shall inform the Court what efforts, if any, it undertook to ascertain the identity of ADW Blair, mentioned in paragraph No. 73 of the Second Amended Complaint, and what, if anything, prevented it from ascertaining the identity of that Defendant; and

8. On July 8, 2022, the Law Department shall inform the Court what efforts, if any, it undertook to ascertain the name of the doctor who was on duty in Plaintiff's housing unit on November 19, 2020, alleged in paragraph No. 53 of the Second

Amended Complaint to be Dr. Gemo, and what, if anything, prevented it from ascertaining the identity of that Defendant;

No request for an extension of time to comply with this order will be entertained by the Court absent exigent circumstances.

**The Clerk of Court is requested to mail a copy of this order to the Plaintiff.**

Dated: June 29, 2022
      New York, New York    **SO ORDERED.**

*Katharine H. Parker*
_____

KATHARINE H. PARKER

United States Magistrate Judge