UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHMANNI ANDUZE,

                Plaintiff,

- against -

THE CITY OF NEW YORK, et al.,

                Defendants.

**ORDER**

21 Civ. 519 (PGG) (KHP)

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se Plaintiff Johmanni Anduze brings this action – pursuant to 42 U.S.C. § 1983 – against the City of New York ("the City") and thirty-nine of its employees, alleging violations of his constitutional rights while in pretrial detention at the George R. Vierno Center at Rikers Island (the "GRVC"). (See Second Am. Cmplt. (Dkt. No. 9)) The Second Amended Complaint ("SAC") alleges that – while Plaintiff was held at the GRVC – he was subjected to unreasonable restrictions and inhumane living conditions resulting from the GRVC's implementation of Command Level Order ("CLO") 370.20 and a May 15, 2020 Judicial Lockdown Order ("JLO"). According to Plaintiff, CLO 370.20 violates certain minimum standards set by the New York City Board of Correction ("BOC"). (See, e.g., id. ¶ 28)

        On November 8, 2021, Defendants moved to dismiss the SAC.[1] (Dkt. No. 31) Plaintiff did not oppose the motion. On April 21, 2022, this Court referred the motion to Magistrate Judge Katharine Parker for a report and recommendation. (Dkt. No. 36) On August 8, 2022, Judge Parker issued a thorough, 53-page Report and Recommendation ("R&R") recommending that this Court grant the motion in part and deny it in part. (See R&R (Dkt. No.

---

[1] The City and Defendant Blackmore initially moved to dismiss, and thirty-six of the individual Defendants joined that motion on July 8, 2022. (See Dkt. No. 56)

66)) According to the Docket, a copy of the R&R was sent to Plaintiff at the Marcy Correctional Facility on August 15, 2022.

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations. . . ."[2] 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Here, neither side filed objections to Magistrate Judge Parker's R&R.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Here, despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Parker's R&R. (See R&R (Dkt. No. 66) at 53) A "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also

---

[2] Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the R&R sets a deadline for objections, and states the consequences of a failure to timely object: "Plaintiff shall have seventeen days, and Defendants shall have fourteen days, from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. . . . The failure to file timely objections shall result in a waiver of those objections for purposes of appeal." (R&R (Dkt No. 66) at 52-53 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), and 72(b); Thomas v. Arn, 474 U.S. 140 (1985)))

McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

Because neither side filed objections to Magistrate Judge Parker's R&R, the parties have waived judicial review. This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

As an initial matter, Judge Parker finds that the SAC does not contain sufficient factual allegations concerning the personal involvement of Defendants Scott, Jennings, Grossman, Morales, Matos, Blair, Keys, Rodriguez, Stukes, Brann, and Rene in the alleged violations of Plaintiff's constitutional rights. (R&R (Dkt. No. 66) at 16-18) This Court agrees with Judge Parker's determination. Accordingly, Plaintiff's claims against those Defendants will be dismissed. (Id. at 18 (citing Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987)).

Judge Parker further recommends that all of Plaintiff's remaining claims be dismissed, except for those alleging that (1) Defendants Hickson, Young, Molina, and Rodriguez improperly censored his legal mail, in violation of the First and Sixth Amendment; (2) Defendants Ritter and Hickson prevented him from having confidential communications with his

attorney, in violation of the Sixth Amendment; (3) Defendant Young retaliated against him for refusing to assault a fellow inmate, in violation of the First Amendment; and (4) Defendants Law and Dychese placed him in enhanced restraints during exercise, in violation of the Due Process Clause of the Fourteenth Amendment. Judge Parker also finds that the SAC's municipal liability claim against the City and Defendant Dunbar – as to the GRVC's policy and practice of placing prisoners in enhanced restraints during recreation and restricting their access to legal mail – is adequately pled. (R&R (Dkt. No. 66) at 52)

This Court has reviewed Judge Parker's 53-page R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Parker's R&R is adopted in its entirety (Dkt. No. 66), and Plaintiff's claims are dismissed as set forth therein and above.

The Clerk of Court is directed to terminate the motion (Dkt. No. 56) and to terminate all Defendants except for the City, Hickson, Young, Molina, Rodriguez, Ritter, Law, Dychese, and Dunbar.

The Clerk of Court is directed to send a copy of this Order via certified mail to pro se Plaintiff Johmanni Anduze, DIN# 22-B-1825, NYSID# 02879844P, Marcy Correctional Facility, 9000 Old River Road, P.O. Box 3600, Marcy, NY 13403-5000.

Dated: New York, New York
September 29, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge